18793

E. D. SAULS CONSTRUCTION COMPANY, Inc., Respondent, v. Grace H. NEWSOM, Appellant.

(161 S. E. (2d) 244)

*Messrs. John Gregg McMaster* and *Robert J. Thomas,* of Columbia, *for Appellant,*

*Messrs. Whaley, McCutchen, Blanton & Richardson,* of Columbia, *for Respondent,*

*Messrs. John Gregg McMaster* and *Robert J. Thomas,* of Columbia, *for Appellant, in Reply:*

May 16, 1968.

BRAILSFORD, Justice.

This is a subrogation action under the South Carolina Workmen's Compensation Act by E. D. Sauls Construction Company, Inc., against Grace H. Newsom. The complaint alleges that on March 16, 1962, plaintiff's employee, George C. Knight, was approaching maximum recovery from injuries sustained in a compensable accident one year earlier. On that date the employee was injured in an automobile collision which was caused by the negligence of the defendant, and which greatly aggravated his compensable condition. As a result, plaintiff "was called upon" to pay $4,000.00 for disability compensation and medical expense over and above what it would have been required to expend if the injury had not been thus aggravated.

The defendant demurred to the complaint for insufficiency of facts to state a cause of action and appeals from an order of the Richland County Court, Honorable John A. Mason, Judge, overruling the demurrer.

No facts are alleged in the complaint from which it could be inferred that the injuries of March 16, 1962, were in any way connected with Knight's employment or were a consequence of his existing compensable injury. The complaint simply alleges that Knight was proceeding south on Two Notch Road in the City of Columbia when the collision in which he was injured was caused by the negligence of the defendant.

Plaintiff rests its claim of subrogation to Knight's cause of action against the defendant squarely upon the terms of Section 72-124, Code of 1962, which we quote in pertinent part:

"The acceptance of an award under this Title against an employer for compensation for the *injury* or death of an employee shall operate as an assignment to the employer of any right to recover damages which the injured em-

ployee or his personal representative or other person may have against any other person for *such injury* or death and such employer shall be subrogated to any such right * * *." (Emphasis added.)

This section must be read in the light of the definition, for the purposes of the Act, of the word "injury," which we quote from Section 72-14: " 'Injury' and 'personal injury' shall mean only injury by accident arising out of and in the course of the employment * * *."

Under the allegations of this complaint it is apparent that Knight's only cause of action against the defendant is for injuries sustained in the collision of March 16, 1962, which did not arise out of or in the course of his employment. The subrogation provision of the statute simply does not reach such a cause of action. The facts alleged would sustain a recovery by Knight against the defendant. However, they are insufficient to state a cause of action in favor of plaintiff as statutory subrogee. Therefore, the demurrer should have been sustained.

Reversed.

Moss, C. J., and LEWIS, BUSSEY and LITTLEJOHN, JJ., concur.